**LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff-Appellant,**

v.

**Clarence Carl MYRICK and Cox & Associates, Inc., Defendants-Appellees.**

**C. C. MYRICK, Plaintiff-Appellee,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant and Third Party Plaintiff-Appellant,**

v.

**COX & ASSOCIATES, INC., Third Party Defendant-Appellee.**

No. 78–3715
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 18, 1979.

---

* 5th Cir. R. 18. *See Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 431 F.2d 409, 410–414 (5th Cir. 1970).

**1314**

Clayton H. Farnham, Paul B. Butler, Jr., Atlanta, Ga., Robert C. Black, Montgomery, Ala., for plaintiff-appellant.

Thomas H. Keene, Montgomery, Ala., for Cox & Associates, Inc.

Elisha C. Poole, Greenville, Ala., Ira De-Ment, Montgomery, Ala., for C. C. Myrick.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

C. C. Myrick wished to insure a piece of his lumbering equipment, a log skidder. Myrick's business associate, John Harrison, contacted Dorothy Howard, an employee of Cox & Associates, Inc. (Cox), who completed a blank application for insurance during her telephone conversation with Harrison. Under "previous losses occurring in the past three years," Mrs. Howard wrote, "none," based on information received from Harri-

son. On January 20, 1977, Mrs. Howard mailed the unsigned application, accompanied by a request that the policy be issued with an effective date of January 20, to Lumbermens Mutual Casualty Company (Lumbermens). She also sent a copy of the application to Harrison for Myrick's signature. Frank Hull, the Lumbermens underwriter responsible for evaluating all applications for insurance on lumbering equipment, accepted the application; the Lumbermens policy on the log skidder was countersigned on January 26 with an effective date of January 20, 1977. On February 11, 1977, Lumbermens received the application signed by Myrick, who testified that he did not read it.

In July 1977, the log skidder was stolen. Lumbermens, however, denied Myrick's claim because his insurance application contained a false representation. Had the application shown that Myrick recovered $20,000 for a log skidder that burned in April 1975, Lumbermens argued, the policy would not have been issued. Lumbermens filed an action against Myrick and Cox requesting a declaratory judgment. Myrick then filed suit against Lumbermens, who removed the action to federal court and filed a counter-claim against Myrick and a third-party claim against Cox. Myrick's suit and Lumbermens' original action were consolidated, and the cases were tried before a jury. A verdict in favor of Cox and Myrick and against Lumbermens was returned. Lumbermens appeals the district court's denial of its motion for a directed verdict for judgment notwithstanding the verdict and, in the alternative, for a new trial.[1] We affirm.

Under section 27–14–7 of the Code of Alabama, all descriptions and statements in an insurance policy application are con-

---

1. Lumbermens sued Cox & Associates, Inc., claiming that, if Lumbermens was determined to be liable to Myrick and if Cox was found to be Lumbermens' agent, Cox should be required to indemnify Lumbermens because it was negligent and because it breached its fiduciary duty to Lumbermens. Both Cox and Lumbermens, however, assert that Cox acted as a broker, not as Lumbermens' agent. *See* Ala.Code § 27–7–1 (1975). After all parties had presented their evidence, Lumbermens moved for a directed verdict against Myrick, but not against Cox. We affirm the jury's verdict in favor of Cox and against Lumbermens.

sidered representations, not warranties,[2] and a misrepresentation does not prevent recovery under the policy unless it is fraudulent, it is material, or the insurer would not have issued the policy had the truth been disclosed. Lumbermens contends that recovery under the policy in issue was precluded as a matter of law because Lumbermens would not have issued the policy had it known of the previous loss.

In deciding whether a directed verdict or a judgment notwithstanding the verdict should be granted, a court must examine all the evidence in the light most favorable to the party who opposes the motion. *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969); *World Insurance Co. v. Hall,* 384 F.2d 138 (5th Cir. 1967). A conflict in substantial evidence must be present to create a jury question. *Boeing Co. v. Shipman,* 411 F.2d at 375.

The policy on Myrick's log skidder was issued with an effective date of January 20, 1977, days before the date on which Mr. Hull claims to have accepted the policy or the date on which Lumbermens received a signed copy of Myrick's application. Some testimony indicated that Lumbermens had issued policies on lumbering equipment without having received a signed application showing that the insured had sustained no losses within the previous three years. Mrs. Howard testified that coverage under Lumbermens' policies became effective when she mailed the unsigned application. This evidence supports the inference that Myrick's previous loss was not material and would not have prevented the issuance of the policy. The question whether Lumbermens would have issued the policy was thus correctly submitted to the jury.

AFFIRMED.

2. The policy contained the following clause signed by Lumbermens' agent: "It is warranted by the insured that there have been no losses in the past three years from date of the signing of the application for this policy . . . except those that have been declared and shown on the application. . . . " Lumbermens ar-

gues that the breach of this warranty automatically voids coverage. Coverage, however, is not voided unless the conditions in section 27–14–7 of the Code of Alabama are satisfied. *See National Life & Accident Ins. Co. v. Mixon,* 291 Ala. 467, 282 So.2d 308 (1973).